Rurrnsr, C. J.
 

 The objection is founded on the terms, taken literally, of the statute, which, in case a Constable fails to pay money collected by him, gives a warrant against him and his sureties,
 
 Rev. Stat. c. 81, sec. 3:
 
 and it is insisted that this remedy can only be pursued against them jointly. It might be sufficient, even if there were nothing else in the act, to rely upon the authority of the case of the
 
 State Bank
 
 v.
 
 Davenport,
 
 2 Dev. & Bat. 45, that the acts giving summary remedies against officers and their sureties arc to be treated as remedial and beneficial, and liberally construed. Therefore, this act ought not to be considered as repealing the general provision of the other statutes, that all contracts are joint and several, and may be sued on accordingly, against, all or any one or more of the parties to them. But the subsequent parts of this act shew clearly that it was not. the intention of the Legislature to restrict this remedy within the narrow limits of the objection. For example, the 5th
 
 *281
 
 section, after giving 12 per centum interest to the credit- or, when a Sheriff, Constable, &c. detains money collected, adds, that he may recover it, “ pursuing his remedy against such delinquent or his representatives or his sureties,
 
 whether suing in the manner by this act provided
 
 • or in any other way known to the law.” It is plain, therefore, that the act gives-this redress against the. officer and his sureties or any or either of them, in the same manner as- if the suit were debt on the bond in a Court of Record. The judgment is affirmed.
 

 Per Cukiam. Judgment affirmed.